IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:15-cr-335-RDP-JTA |
| TWAYNE LEBARSHA WARE | ) | |
| | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is Defendant's *pro se* Motion for Compensation for Property (Doc. No. 794), which seeks compensation for a 1995 Chevrolet Silverado truck that was seized as part of his criminal case. For the reasons that follow, Defendant's motion is due to be denied.

### I.    Motion for Compensation

Defendant's motion seeks payment in the amount of $4,200.00 for the 1995 Chevrolet Silverado truck seized by the Government during the course of his prosecution. (Doc. No. 794.) He asserts that the vehicle was owned by Clarence Smith ("Smith") and that neither he nor Smith used it to facilitate drug trafficking. (Doc. No. 794 at 1.)[1] The Government opposes the motion and acknowledges that the Drug Enforcement Agency ("DEA") seized the truck during the execution of a search warrant at Defendant's home on August 18, 2015. (Doc. No. 799 at 2.) The Government formally initiated administrative

---

[1] Clarence Smith is identified as Defendant's grandfather in other documents filed in this case. (*See* Doc. No. 784 at 1; Doc. No. 787 at 1; Doc. No. 791 at 1.)

forfeiture of the vehicle on or about October 5, 2015 when it mailed notices of seizure to: (1) Defendant at the Montgomery County Jail; (2) Attorney Armando Pitters; (3) Defendant's residence; and (4) Smith c/o Attorney Pitters. (*Id.* at 2-3.) The Government also states that a notice of forfeiture was posted on www.Forfeiture.gov for a period of thirty days, beginning October 19, 2015 and ending on November 17, 2015. (*Id.* at 3.) The Government does not attach copies of the notices it sent and/or published regarding the truck, nor does it attach a return receipt to show that the individuals to whom notice was purportedly sent received such notice.[2]

While the Government admits that Defendant, Smith, and others filed claims to the truck on or about March 1, 2016, the Government argues that the claims were untimely. (*Id.*) The Government states that DEA administratively forfeited the truck on April 8, 2016 and liquidated it on September 2, 2016. (*Id.*) Defendant argues that neither he, nor any others, "were notified of the seizure and intended forfeiture as stated in the [G]overnment['s] response." (Doc. No. 794 at 1.)

Defendant may seek to set aside the declaration of forfeiture of the truck under 18 U.S.C. § 983(e). That statute provides:

---

[2] The notice necessary to satisfy due process requires only that interested persons be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice. *Dusenbery v. United States,* 534 U.S. 161, 170 (2002).

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
> > (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> > (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). "Thus, in cases subject to § 983(e), it is clear that the movant must show not only that the government knew or reasonably should have known of his interest in the property yet failed to take reasonable steps to notify him, but also that he did not know or have reason to know of the seizure within sufficient time to file a timely claim." *United States v. Russell*, 2006 WL 2786883, at * 3 (M.D. Ala. 2006) (citing *United States v. McClendon,* 10 F. App'x 341, 344 (7th Cir. 2001); *Centeno v. United States,* 2006 WL 2382529, at *3 (S.D.N.Y. Aug. 17, 2006).

Notwithstanding Defendant's claim that the Government failed to notify him or Smith of its forfeiture efforts, he surrendered his rights to the vehicle when he entered into a plea agreement with the Government in his underlying criminal case. (Doc. No. 442.) In paragraph 4.d. of that agreement, Defendant agreed "to forfeit all rights, title, and interest in any and all items listed in the Notice of Bill of Particulars for Forfeiture of Property (Doc. #85)." The referenced Bill of Particulars specifically listed the 1995 Chevrolet C-1500 pickup truck for which Defendant now seeks compensation. (Doc. No. 85 at 2.) The agreement further provided that Defendant would not "file a claim to these assets in any civil or criminal judicial proceeding which may be initiated," and waived "his rights to

3

notice of any forfeiture proceedings involving these assets and agrees not to file any claims in any proceeding involving these assets." (Doc. No. 442 at 5-6.) Finally, Defendant agreed to "knowingly and voluntarily waive[ ] all constitutional, legal, and equitable defenses to the forfeiture of the above assets in any proceeding." (*Id*. at 6.) Therefore, regardless of whether the Government provided notice to Defendant as set forth in its response, Defendant cannot show—due to the provisions of his own plea agreement—"that he did not know or have reason to know of the seizure within sufficient time to file a timely claim." *Russell*, 2006 WL 2786883, at *3.

Accordingly, given Defendant's waiver of any claim regarding the vehicle through his plea agreement, and the satisfaction of required forfeiture procedures, the request for compensation must fail.

## II.     Previous Orders of the Court

The court notes that Defendant has filed multiple motions for the release of this property. (Docs. No. 784, 787, 791.) Each of those motions sought the return of a 1997 Chevrolet Silverado truck that was registered to and owned by Smith, who is identified as Defendant's grandfather. On October 7, 2019, this court denied the portions of the motions seeking return of the vehicle. (Doc. No. 807.)[3]

---

[3] After granting the return of various electronic items, the Order provided "[T]he portions of the motions seeking return of the 1997 Chevrolet Silverado C-10 truck, (Docs. # 784 and # 791) are DENIED." The Order states that it addresses Doc. No. 787, but does not specifically reference that motion as presenting a claim for the Chevrolet truck. Regardless, the Order makes clear that Defendant is not entitled to the return of the truck.

Even though the motion at issue lists the model year of the truck as 1995, and the earlier motions list it as 1997, the Bill of Particulars in this case lists a single Chevrolet Silverado truck, model year 1995, as having been seized from Defendant. (Doc. No. 85.) The court will therefore assume that only one truck was seized from Defendant. Thus, the vehicle for which Defendant seeks compensation at this time was apparently the subject of this court's earlier Order which denied his request that it be returned.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion for Compensation for Property (Doc. No. 794) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 14, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 31st day of January, 2020.

                                    /s/ Jerusha T. Adams
                                    JERUSHA T. ADAMS
                                    UNITED STATES MAGISTRATE JUDGE